# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00992-COA

**MICHAEL LEROY KNIGHT A/K/A LEROY MICHAEL KNIGHT A/K/A MICHAEL MOSEMAK A/K/A LEROY M. KNIGHT A/K/A MICHAEL L. KNIGHT A/K/A MICHAEL KNIGHT A/K/A MIKE KNIGHT A/K/A L. MICHAEL KNIGHT**

APPELLANT

v.

**STATE OF MISSISSIPPI**

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/16/2014 |
| TRIAL JUDGE: | HON. LISA P. DODSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE MCMILLIN MICHAEL KNIGHT (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF TWO COUNTS OF POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE AND SENTENCED ON EACH COUNT AS A HABITUAL OFFENDER TO LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT THE POSSIBILITY OF PROBATION OR PAROLE, WITH THE SENTENCES TO BE SERVED CONCURRENTLY |
| DISPOSITION: | AFFIRMED: 09/08/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., FAIR AND JAMES, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Michael Knight and his wife had valid prescriptions for Oxycodone and Methadone, but they were found to be missing hundreds of pills from prescriptions that had been filled recently – and Knight had more than a thousand dollars in cash on his person. Knight confessed that he had been selling his pills, and he was convicted of two counts of possession of a controlled substance with intent to distribute. Knight appeals, and as we find no error, we affirm.

## DISCUSSION

### 1. Admissibility of Confession

¶2.     Knight gave an incriminating statement after executing both oral and written *Miranda* waivers. He thereafter unsuccessfully sought to suppress the statement as involuntary under two theories: first, that he was intoxicated; and second, that he was induced by promises, express or implied, from the officers. The first ten and a half minutes of an audio recording of the interview was entered into evidence and played for the jury. On appeal, Knight argues that the denial of his motion to suppress the confession was erroneous.

¶3.     "A confession is voluntary when, taking into consideration the totality of the circumstances, the statement is the product of the accused's free and rational choice." *Wilson v. State*, 936 So. 2d 357, 361-62 (¶8) (Miss. 2006). "The circuit court sits as a fact finder when determining voluntariness of a confession, and its determination will not be reversed

unless manifestly wrong." *Horne v. State*, 825 So. 2d 627, 639 (¶44) (Miss. 2002). This Court can reverse a trial court's denial of a motion to suppress only "if the incorrect legal principle was applied; if there was no substantial evidence to support a voluntary, knowing, and intelligent waiver of *Miranda* rights; and if the denial was a result of manifest error." *Scott v. State*, 8 So. 3d 855, 861 (¶22) (Miss. 2008). "The burden lies with the State to prove that a confession is voluntary." *Id.* at (¶24). "[T]he burden is met by the testimony of an officer, or other person having knowledge of the facts, that the confession was voluntarily made without any threats, coercion, or offer of reward. This makes out a prima facie case for the State on the question of voluntariness." *Id.* (citation and quotation marks omitted). "The trial judge must determine beyond a reasonable doubt that a confession was voluntary and knowing and that the defendant was given his *Miranda* rights prior to any custodial interrogation." *Id.* at (¶23).

¶4.     Knight testified at the suppression hearing and claimed that he was intoxicated when he gave the statement. The admissibility of a confession given while intoxicated depends on the degree of intoxication; a confession will not be excluded unless the defendant was so intoxicated "that he was in a state of mania." *Thomas v. State*, 42 So. 3d 528, 537 (¶29) (Miss. 2010).

¶5.     Knight claimed that he had liquified and injected five Oxycodone pills shortly before he was taken into custody. However, each of the three police officers present when Knight gave the statement, including one who had known Knight previously, testified that he did not

3

appear to be intoxicated when he gave the statement. Approximately twenty minutes of the interview was recorded and reviewed by the court, which allowed the judge to make an independent evaluation of Knight's mental state. Under these circumstances we cannot say the trial judge erred in finding that Knight's confession was not induced by extreme intoxication.

¶6.     Knight also alleges that the confession was induced by a belief that the officers would make his charges "go away" if he cooperated. For this point he largely relies on his own testimony to show any sort of offers or suggestions of reward for a confession, which was denied by all three police officers. The trial judge, as the finder of fact, was entitled to credit their accounts over Knight's. Morever, Knight acknowledged at the beginning of the recorded interview that "no promises or threats" had been made to induce his statement.

¶7.     In support of Knight's argument he cites two more or less undisputed facts. The first is that he had a history of collaborating with one of the interrogating officers and that the officer had helped him in the past, and from this Knight expected to receive similar treatment if he cooperated again. But prior leniency apparently involved sales by others and not when the "dealer" was himself. At best Knight could assert a subjective hope of help from his past experience, if he informed on someone else; but this is little more than any other person familiar with police practices could claim. There was no credible evidence of an offer of reward from the authorities that would render Knight's confession inadmissible. *Scott*, 8 So. 3d at 861 (¶24).

4

¶8. Knight also notes that approximately fifteen minutes into the interview, after he had manifested a willingness to provide information and act as an informant, one of the officers stated that helping them catch another drug dealer was Knight's "ticket out." But this occurred long after Knight had confessed; an inducement offered after the confession cannot be said to have induced it. *See Swanier v. State*, 473 So. 2d 180, 187 (Miss. 1985). Out of an abundance of caution, the trial judge suppressed any further statements made by Knight thereafter, and the recording was truncated (apparently by agreement) to the first ten and a half minutes, when it was introduced into evidence and presented to the jury.

¶9. After reviewing the record, we are satisfied that the denial of the motion to suppress Knight's confession was not manifestly erroneous.

## 2. Wife's Pills

¶10. When the authorities executed their search warrant on Knight's hotel room, they found both Knight and his wife, as well as four bottles of prescription pills. Two bottles were in Knight's name and two were in his wife's name. Both prescriptions had been filled in Alabama shortly before the warrant was obtained – Knight's on the same day and his wife's the day before. His wife died prior to trial and had never been charged with a crime. The trial court admitted the wife's pills on the theory that they were part of a common scheme and that the large number of missing pills from both individuals' prescriptions was evidence that Knight did not hold his for personal use.

¶11. Knight offers only a cursory argument, little more than the assertion that the evidence

5

should have been excluded under Mississippi Rule of Evidence 403 because its probative value was substantially outweighed by the danger of unfair prejudice.

¶12.   A trial judge's decision to admit or exclude evidence under Rule 403 is reviewed on appeal for an abuse of discretion. *Green v. State*, 89 So. 3d 543, 549 (¶15) (Miss. 2012). The record here reflects that the trial judge carefully weighed the probative value of the evidence against its potential prejudice to Knight, and her decision has not been shown to be an abuse of discretion.  We find no merit to this issue.

### 3. Identity of Confidential Informant

¶13.   In his pro se brief, Knight alleges that the trial court denied him various constitutional protections by refusing to require the prosecution to identify the confidential informant who provided information to the officers that established probable cause for the search of Knight's hotel room.

¶14.   The record reflects that Knight moved to learn the identity of the confidential informant prior to trial, initially pressing the issue pro se, but that he subsequently abandoned it.[1]  In fact, the trial judge addressed Knight directly to ensure that he understood he had to argue his motion and secure a ruling on it, or the issue would be waived.  Knight did not. This issue is therefore procedurally barred.  "It is the responsibility of the defendant, not the trial judge, to obtain a ruling from the court on motions." *Havard v. State*, 94 So. 3d 229,

---

[1] There was some dispute about whether Knight already knew the identity of the confidential informant.  He seems to have dropped the issue of formally discovering the identity after being accused of threatening the informant.

239 (¶30) (Miss. 2012) (citation and quotation marks omitted).

### 4. Sufficiency of the Evidence

¶15.    When the sufficiency of the evidence is challenged, the issue on appeal is whether the evidence shows "beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed." *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005) (citation omitted).  "[W]here the evidence fails to meet this test it is insufficient to support a conviction." *Id.*

¶16.    But, as the United States Supreme Court has explained, a court should not "ask itself whether *it* believes that the evidence established guilt beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 315 (1979)) (emphasis in original; internal quotation marks omitted).  "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson,* 443 U.S. at 315).

¶17.    A reviewing court must reverse a conviction and render a judgment of acquittal if "the facts and inferences . . . point in favor of the defendant on any [one] element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty." *Id.* (citation and internal quotation marks omitted).

¶18.    Knight does not dispute that he possessed the drugs; his argument on appeal, as at the trial, is that he did not do so with intent to distribute.  He contends that his confession was

couched in hypothetical terms and that the mere absence of pills does not prove that they had been sold.

¶19. Knight's assertions about his confession are simply not true. Although at one point an officer did ask Knight a question about how he obtains pills "if" he is going to sell them, it was in response to Knight stating that he was actually, not hypothetically, selling pills "to several people – a lot of people."

¶20. Considering Knight's admissions and the facts that Knight was missing many pills from a prescription he had filled the same day and was in possession of a large amount of cash, we find sufficient evidence for a reasonable juror to find beyond a reasonable doubt that Knight possessed the remaining pills with intent to distribute. This issue is without merit.

### 5. Habitual Offender

¶21. Finally, in his pro se brief, Knight challenges his conviction and sentencing as a habitual offender. He contends that the State did not prove his status as a habitual offender, but that the judge did it herself. This also is simply untrue on the record; the trial judge was reviewing evidence and making formal findings of fact, not presenting it. It was the State that introduced Knight's certified "pen packs" into evidence, and Knight's attorney conceded that he had "no legitimate basis" to object. The trial judge then examined the documents, made detailed findings of fact on the record regarding each of Knight's prior convictions, and found that Knight was a habitual offender under Mississippi Code Annotated section 99-19-

8

83 (Supp. 2014).

¶22.   Knight was properly sentenced as a habitual offender.  This issue is without merit.

¶23.   **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF TWO COUNTS OF POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE AND SENTENCE ON EACH COUNT AS A HABITUAL OFFENDER OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT THE POSSIBILITY OF PROBATION OR PAROLE, WITH THE SENTENCES TO BE SERVED CONCURRENTLY, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND WILSON, JJ., CONCUR.  JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**